Dear Representative Farrar:
Please be advised that our office is in receipt of your opinion request wherein you inquire if the Rapides Parish Water District #3 can adopt a rule which would require a two year separation period for any employee of the Rapides Parish Water District #3 after termination before such person could serve as a member of the Board of Directors of the Rapides Parish Water District #3.
La.R.S. 33:3815 provides for the powers of waterworks districts. This statute gives these waterworks districts the power to pass rules and regulation which are necessary for it to carry out its obligations and functions.
Also of importance in answering your question is La.R.S. 33:3812 which deals with qualifications of waterworks commissioners. La.R.S. 33:3812B. states, "The members of the board shall be known as waterworks commissioners. Each shall be a resident of and assessed with not less than five hundred dollars worth of real estate in the district. A commissioner may be the representative of a corporation domiciled in the district and owning lands in the district of an assessed value of not less than five thousand dollars. The representative of a corporation may be one of its officers and may be designated to represent the corporation by resolution of the board of directors to that effect. He shall also be a resident of the waterworks district."
Considering these statutes together, it appears that the legislature under R.S. 33:3812 has provided for the qualifications of waterworks commissioners. For individuals, those qualifications are limited to residency and ownership of real estate assessed in an amount not less than five hundred dollars. In R.S. 33:3813, the legislature gives the Rapides Parish governing authority the right to appoint five members, the governing authority of the town of Ball the right to appoint three members, and the governing authority of Pineville the right to appoint one member.
While R.S. 33:3815 gives the waterworks district itself all powers necessary for it to carry out its objects for which it was created, it is the opinion of this office that such powers do not include adding qualification requirements different from those set out in R.S. 33:3812. Such a rule or requirement would have the affect of restricting the rights of the governing authority to appoint otherwise qualified candidates.
Considering the above, it is the opinion of this office that the Rapides Parish Water District #3 may not adopt a rule which would require a two year separation period for its employees between termination and appointment as a member of the waterworks commission.
We hope this opinion sufficiently answers your questions. If you have any further questions, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ____________________ CHARLES H. BRAUD, JR. Assistant Attorney General
Date Released: June 13, 2002